# IN THE COURT OF APPEALS OF IOWA

No. 18-0384
Filed August 15, 2018

**IN THE INTEREST OF J.C.W.,**
**Minor Child,**

**JAMES SCHUT and TIFFANNIE SCHUT, Guardians,**
     Petitioners-Appellees,

**J.W., Mother,**
     Respondent-Appellant.
_____

Appeal from the Iowa District Court for Sioux County, Brian L. Michaelson, Judge.

A mother appeals the termination of her parental rights under Iowa Code chapter 600A (2017). **AFFIRMED.**

Kley B. DeJong of Klay, Veldhuizen, Bindner, De Jong & Halverson, P.L.C., Orange City, for appellant.

Jenny L. Winterfeld of Winterfeld Law, PLC, Sioux City, for appellees.

Kelly J. Goslinga or Clabaugh & Goslinga, Sioux Center, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights under Iowa Code chapter 600A (2017). She contends there is insufficient evidence that she abandoned the child.

We review termination proceedings under chapter 600A de novo. *See In re R.K.B.*, 572 N.W.2d 600, 601 (Iowa 1998). As in all termination proceedings, our primary concern is the child's best interests. *See* Iowa Code § 600A.1; *R.K.B.*, 572 N.W.2d at 601. Though the juvenile court's findings are not binding, we give them weight. *See R.K.B.*, 572 N.W.2d at 601.

The district court terminated the mother's parental rights after determining she abandoned the child pursuant to Iowa Code section 600A.8(3)(b) (defining abandonment as relating to children six months of age or older). Under this section,

> a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

Iowa Code § 600A.8(3)(b).

The mother concedes she has had no contact with the child since September 2016. However, she claims she was either physically unable to visit the child or the child's guardians prevented her from doing so. Specifically, the mother claims she was prevented from visiting the child between March 2017 and July 2017 because she "was sex trafficked" during this period. As to her reasons for not maintaining contact with the child before or after this period, the mother claims the guardians denied her requests to visit the child. The district court disagreed, finding

> [the mother]'s limited efforts to reach out to the [guardians] in no way rise to the level of substantial, meaningful, or continuous. The few efforts [the mother] did make reveal that she was not in a healthy place and was continuing to use illegal drugs and self-harm. She did not send gifts or cards to [the child], nor did she make any offers of financial or emotional support. She could have requested visits with [the child] through the guardianship proceeding. She chose not to do so.

The record overwhelmingly supports the court's finding. The record also overwhelmingly supports the court's finding that termination is in the best interests of the child. Because the mother abandoned the child by failing to maintain substantial and continuous or repeated contact with the child as defined in section 600A.8(3)(b), we affirm the termination of the mother's parental rights.

**AFFIRMED.**